UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN NICHOLAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 3:22-cv-201 |
| | * | |
| AMERICAN NATIONAL INSURANCE COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

## COMPLAINT

Plaintiff, John Nicholas ("John"), through undersigned counsel, for his Complaint against Defendant, American National Insurance Company ("American National"), alleges as follows:

PARTIES

1.      John maintains a primary residence and is domiciled Florida, and is a citizen of Florida within the meaning and intent of 28 U.S.C. § 1332.

2.      American National is a Texas corporation with its principal place of business in Galveston, Texas.  American National is a citizen of Texas within the meaning of 28 U.S.C. § 1332(c).

JURISDICTION AND VENUE

3.      This action is brought pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than $75,000.

1

4.      Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, because American National is located there and materials events related to this action occurred within this district and division.

STATEMENT OF FACTS

5.      John was the son of Steve Nicholas (the "Decedent"), who died on or about May 16, 2022.

6.      On information and belief, the Decedent was insured under a life insurance policy issued by American National, namely Policy Number UE134593, with a face amount of $250,000, (the "Policy.")

7.      On information and belief, the Policy was purchased for the benefit of John, but upon the death of his father, was told that he is not the Policy's beneficiary.

8.      John seeks to contest this decision as he maintains that he is the rightful and intended beneficiary of the Policy's death benefit.

9.      After the Decedent's death, John asserted a claim to the death benefit of the Policy, but American National refused to pay the proceeds to him.

10.     On information and belief, American National is the subject of competing or potentially competing claims to the death benefit of the Policy.

11.     John has notified American National that he contests payment of the death benefit of the Policy to any other person, and has requested that American National initiate an interpleader action to resolve the competing or potentially competing claims.

12.     To date, American National has not paid John the death benefit of the Policy or filed an interpleader action to resolve the competing or potentially competing claims.

13.     On information and belief, American National might pay the death benefit of the Policy to another person absent John seeking injunctive or other relief.

CAUSE OF ACTION

14.     John incorporates his allegations in the foregoing paragraphs 1-13 by reference as if set forth fully herein.

COUNT I
Declaratory Judgment

15.     An actual controversy has arisen and exists between John and American National as to whether John is entitled to some or all of the death benefit of the Policy.

16.     Thus, there exists an actual, justiciable controversy between the parties and the Court is empowered to declare and adjudicate the legal rights of the parties with respect to the death benefit at issue.

17.     John desires and hereby requests a judicial determination that he is the rightful beneficiary of the death benefit, and/or that any unlawful ownership or beneficiary designation transactions attempting to deprive him of his rightful interests in the death benefits are invalid as a matter of law.

18.     John would also consent to American National converting this to an interpleader action so that it can be discharged and dismissed.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, John Nicholas, prays for judgment in his favor, costs, interest, attorney's fees to the extent authorized, and any other relief deemed just and proper.

//

//

//

3

DATED this 14th day of June, 2022.

Respectfully submitted,

*/s/ William J. Perry*
William J. Perry, Attorney-in-Charge
LA Bar No. 19100
Southern District Federal I.D. No. 360857
Interpleader Law, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, LA 70808
Phone: (225) 246-8706
Fax: (888) 200-3530
Email: william.perry@interpleaderlaw.com
*Attorney for Plaintiff, John Nicholas*